```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HARMEET KOHLI, | 1:19-cv-10531-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| GPM INVESTMENTS, GARY POYTHRESS, VP OF FUELS, EXXON CORPORATE HEADQUARTERS, | |
| Defendants. | |

**APPEARANCES:**

HARMEET KOHLI
541 KINGS HIGHWAY
WOOLWICH, NJ 08085

    *Plaintiff appearing pro se*

WILLIAM F. GILL
ARCHER & GREINER
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 0803

    *On behalf of Defendants GPM Investments LLC and Gary Poythress*

MICHAEL ROBERT FUTTERMAN
MCCUSKER ANSELMI ROSEN & CARVELLI PC
210 PARK AVENUE
SUITE 301
FLORHAM PARK, NJ 07932

    *On behalf Defendant Exxon Corporate Headquarters[1]*

---

[1] The correct entity is ExxonMobil Oil Corporation. (Docket No. 3).

**HILLMAN**, District Judge

Plaintiff, Harmeet Kohli, appearing *pro se*, owns an Exxon-branded gas station. Plaintiff claims that Defendant GPM Investments LLC and Defendant ExxonMobil Oil Corporation acted in "cahoots" to trap Plaintiff into rebranding her gas station into an Exxon-branded gas station, promising certain rebates on each gallon of gas sold, but failing to pay Plaintiff those rebates or provide her with branding materials, like a pole sign. Plaintiff claims that Defendants have breached their contract and they owe her more than $400,000.

In her complaint, Plaintiff states that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). Plaintiff avers that she is a citizen of New Jersey, GPM Investments LLC is a citizen of Virginia, and ExxonMobil is a citizen of Texas.

GPM Investments LLC has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. ExxonMobil has joined in GPM Investments LLC's motion. GPM Investments LLC relates that it is not a citizen of Virginia as pleaded by Plaintiff. GPM Investments LLC correctly points out that the citizenship of an LLC is determined by the citizenship of each

of its members, not where it has its principal place of business, or under which state's law it is established.[2] Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). The law also requires that if a member of an LLC is another LLC, a corporation, or a limited partnership, then each member of the LLC, or each partner in the limited partnership, must be identified and its citizenship pled, and for any such member or partner that is a corporation, the state of incorporation and its principal place of business must similarly be identified and pled. See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003))).

Accordingly, GPM Investments LLC sets forth its citizenship as follows:

> GPM LLC is a Delaware limited liability company with its headquarters in Richmond, Virginia. GPM LLC has a member named GPM HP SCF Investor, LLC that is located

---

[2] ExxonMobil is a corporation, and it has not challenged Plaintiff's representation that it is a citizen of Texas. Plaintiff's complaint, however, does not properly aver the citizenship of ExxonMobil because she does not identify ExxonMobil's state of incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

3

>      in New York,
>      New York.  A member of GPM HP SCF Investor, LLC is GPM
>      HP SCF Member, LLC, which has as a member a limited
>      partnership named Harvest Partners Structured Capital
>      Fund, L.P.  The general partner of Harvest Partners
>      Structured Capital Fund, L.P. is Harvest Associates
>      SCF, L.P. which, in turn, has a limited partner named
>      Harvest Capital Associates SCF, L.P.  One of the
>      partners in Harvest Capital Associates SCF, L.P. is
>      Marc Unger.  Mr. Unger is a citizen of New Jersey who
>      has maintained his primary residence and domicile in
>      Livingston, New Jersey for more than twenty years.

(Docket No. 7-1 at 3.)

GPM Investments LLC notes that because one of its members is a citizen of New Jersey and Plaintiff is a citizen of New Jersey, there is no diversity of citizenship between them so that subject matter jurisdiction can be exercised under § 1332(a).

In response, Plaintiff states that the New Jersey citizenship of one of GPM Investments LLC's members is a "technicality," and how was she "supposed to know" because she is "not a detective."  (Docket No. 10 at 1.)

The Court recognizes that the composition of GPM Investments LLC is very layered and complex, as such unincorporated entities can often be.  For that reason, the Third Circuit has somewhat relaxed a plaintiff's burden at the pleading stage to identify the citizenship of an LLC.  See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015) (stating a "plaintiff [must] allege in good faith,

4

after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members" of a defendant LLC).

A plaintiff's obligation to properly establish subject matter jurisdiction, however, is not a technicality that may be glossed over. The ultimate test is not whether Plaintiff (or a removing Defendant) has made a good faith effort but whether diversity of citizenship actually exists. Indeed, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte*, and may do so at any stage of the litigation, even if it is not raised by the parties.[3] See Zambelli, 592 F.3d at 418; Lincoln Benefits, 800 F.3d at 104 (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no

---

[3] Moreover, parties may not confer subject matter jurisdiction by consent. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).

5

plaintiff [may] be a citizen of the same state as any defendant.").

The Court has not been provided with any information that casts doubt on the articulation of the citizenship of GPM Investors LLC, which includes as a member a citizen of New Jersey.[4]  Consequently, subject matter jurisdiction over Plaintiff's case cannot be premised under 28 U.S.C. § 1332(a).  Because there is no other available basis for subject matter jurisdiction,[5] Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

---

[4] Plaintiff has filed several letters in opposition to Defendants' motions (Docket No. 9, 10, 12, 13, 14, 15, 16), all of which the Court has reviewed.  In one letter (Docket No. 13), Plaintiff argues that subject matter jurisdiction under § 1332(a) exists because in a case filed by GPM Investments LLC against Plaintiff, the Court never questioned subject matter jurisdiction and GPM Investments LLC's citizenship.  Plaintiff references GLES, Inc. V. MK Real Estate Developer & Trade Company, et al., 1:08-cv-01447-KMW, and from Plaintiff's letters, it appears that GLES, Inc. was a predecessor of GPM Investments LLC.  That case, however, did not involve GPM Investments LLC, and subject matter jurisdiction was properly established under § 1332(a) because the plaintiff corporation – and not an LLC – was a citizen of Delaware (its state of incorporation and principal place of business) and the defendants, including Plaintiff, were citizens of New Jersey.

[5] Plaintiff completed a form complaint provided by the Court for *pro se* litigants.  In the subject matter jurisdiction section, Plaintiff checked the box for diversity of citizenship, but she also checked the box for federal question. (Docket No. 1 at 2.) Nothing in Plaintiff's complaint or other filings references a claim based on federal law or against a federal defendant.

matter jurisdiction, the court must dismiss the action.").

An appropriate Order will be entered.


Date:   October 28, 2019              s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.